```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
HERBERT L. MACDONELL
                        Plaintiff,                 12-CV-6258
                v.                              **DECISION AND ORDER**

ONEBEACON AMERICAN INSURANCE COMPANY
a/k/a/ ONEBEACON INSURANCE GROUP, and
RLI INSURANCE COMPANY,

                        Defendants,
_____
```

## **INTRODUCTION**

Plaintiff, Herbert L. MacDonell ("Plaintiff or MacDonell"), initially brought this action in New York State Supreme Court, Steuben County, alleging that Defendants OneBeacon American Insurance Company a/k/a/ OneBeacon Insurance Group ("OneBeacon") and RLI Insurance Company ("RLI") (collectively "Defendants") were required to defend and indemnify him pursuant to his personal liability and umbrella liability insurance policies with the Defendants, against a lawsuit for defamation brought by Rodney D. Englert ("Englert"). (Docket No. 1.) Defendants removed the case to this Court on May 8, 2012.

The parties now cross-move for summary judgment. (Docket Nos. 23, 24.) After reviewing the entire record, the Court finds that there are no material issues of fact for trial and that the Defendants are entitled to judgment as a matter of law. Accordingly, Plaintiff's motion is denied and the complaint is dismissed with prejudice.

1

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and the Court's review of the entire record. Plaintiff is a forensic consultant and is the Director of the Laboratory of Forensic Science in Corning, New York. In a complaint dated November 7, 2005, filed in the Circuit Court of the State of Oregon, Multnomah County, Englert, also a forensic consultant, accused Plaintiff and several other forensic consultants of publishing defamatory statements about Englert's professional conduct. Specifically, the complaint accused Plaintiff of publishing the following statements: (1) "[Englert] is a forensic whore"; (2) "[Englert] has a curriculum vitae that contains false information"; (3) "[Englert] is a liar-for-hire"; (4) "[Englert] is a deliberate liar"; (5) [Englert] is dishonest and should not be trusted"; (6) "[Englert] is a Frankenstein monster related to his employment activities"; and (7) "[Englert] is the Bin Laden of bloodstains." Englert alleges that these statements were made intentionally. (Docket No. 24-2, Amended Complaint at ¶¶ 4, 12.)

After service of the Englert complaint, Plaintiff contacted Defendants OneBeacon and RLI, his personal liability and umbrella liability insurance companies, respectively. In a letter dated December 15, 2005, OneBeacon informed Plaintiff that his insurance policy did not afford defense or indemnification coverage for the

allegations in the complaint. In a letter dated April 3, 2006, RLI similarly disclaimed coverage for the allegations in the complaint.

Plaintiff's OneBeacon insurance policy provides coverage if a lawsuit "is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." The policy specifically disclaims coverage for injury that is "expected or intended by the 'insured'" or any injury "[a]rising out of or connected with a 'business' engaged in by an insured.'" The policy defines an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions…." (Docket No. 24-5).

The RLI personal umbrella policy provides coverage for injury even if the injury is not covered under the basic policy (here, the OneBeacon policy), and the definition of injury specifically includes defamation. However, the policy also excludes "[i]njury arising out of [b]usiness pursuits" and injury "caused intentionally...regardless of whether or not such [injury] was expected." (Docket No. 24-8).

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P.

3

56(a). Once the movant has met this burden, the burden shifts to the nonmovant who must "come forward with evidence to allow a reasonable jury to find in his favor." See <u>Lizardo v. Denny's, Inc.</u>, 270 F.3d 94, 101 (2d Cir.2001); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325–27 (1986). The court must draw all factual inferences, and view the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Celotex Corp.</u>, 477 U.S. at 322. However, a nonmovant benefits from such factual inferences "only if there is a 'genuine' dispute as to those facts." See <u>Scott v. Harris</u> 550 U.S. 372 (2007).

Defendants contend that the insurance policies issued by them to the Plaintiff specifically exclude coverage for the allegations contained in the Englert complaint. They contend that the allegations fall within the business pursuits exclusions contained in both policies and that the alleged statements were intentional, and were therefore excluded from coverage based upon the intentional act exclusions contained in both policies.

Plaintiff argues that these exclusions do not apply. First, he contends that the complaint does not specifically allege that MacDonell was pursuing any business interest when he allegedly made the statements. Next, Plaintiff contends that the emotional

4

distress alleged in the complaint was an "accident" within the definition of occurrence under the policies. This Court disagrees.

First, New York State Courts have held that where an insurance policy specifically excludes intentional conduct from coverage, the insurance company is not required to defend and/or indemnify the insured from a lawsuit which alleges that defamatory words were uttered intentionally. See Hodgson v. United Services Auto. Assoc., 262 A.D. 2d 359, 360 (2d Dep't 1999)(finding that an insurer is not obligated to provide coverage where the policy excluded coverage for injury that was "expected or intended" and "the underlying action alleged that defamatory words were uttered maliciously and with the intent to injure the plaintiff."); Iafallo v. Nationwide Mutual Fire Insurance Co., 299 A.D.2d 925, 926 (4th Dep't 2002)(noting in a case with an identical definition of "occurrence" that "defamation does not occur by accident and thus does not fall within the coverage of the policy.").

Further, the Court in Hodgson held that even where a personal umbrella policy includes defamation within the definition of "injury", but excludes intentional conduct from coverage, as is the case here, an insurer is not obligated to defend or indemnify an insured against allegations of intentional defamation. Hodgson, 299 A.D.2d at 360. Accordingly, the Court finds that Plaintiff is not entitled to coverage under either the OneBeacon policy or the RLI policy, as both exclude intentional conduct from coverage and the

5

Englert complaint alleges that the defamatory statements were made intentionally.

Both policies also contain an exclusion for conduct arising out of a business pursuit. Plaintiff contends that the Englert complaint does not allege a "business purpose for which MacDonell allegedly made the statements...The statements in total could be taken to mean that MacDonell did not like the manner in which Englert was conducting himself. This could have nothing to do with a business per se." He further argues that the complaint fails to fall within business pursuits exclusion because it does not allege that MacDonell had a profit motive for making the statements. Pl. Mem. of Law at 3.

While Plaintiff correctly points out that profit motive is an essential element of a "business" (See Stewart v. Dryden Mut. Ins. Co., 156 A.D.2d 951 (4th Dep't 1989), as "[a]n insurer relying on a business pursuits exclusion must demonstrate that the insured regularly engaged in a particular activity with a view toward earning a livelihood or making a profit." (American Family Home Ins. Co. v. Della, 2013 WL 6061937, *5, No. 12-CV-5380 (E.D.N.Y. November 15, 2013)(citing Stewart, 156 A.D.2d 952; 7A Appleman, Insurance Law & Practice § 4501.10, at 276-77)(internal citations and quotations omitted). "Generally, the business pursuit exception is intended to apply to all activities that are involved in furtherance of any business, employment, trade, occupation or

6

profession." Id. New York courts have also held that the business pursuits exclusion applies where the conduct is "incidental to [the insured's] employment." See Salimbene v. Merchants Mutual Ins. Co., 217 A.D.2d 991 (4th Dep't 1995).

Here, the Englert complaint alleges that several forensic consultants, including MacDonell, made defamatory statements about Englert's conduct as a forensic consultant. Regardless of whether MacDonell made the actual statements for profit, which it is not alleged that he did, the statements relate directly to the business profession in which both Englert and MacDonell are engaged. The complaint does not suggest that MacDonell would have made such statements but for his professional relationship with Englert or that such statements relate to anything other than Englert's forensic consulting activities. See United Food Service, Inc. v. Fidelity & Casualty Co. of New York, 189 A.D.2d 74 (3rd Dep't 1993)(finding that "the policy's nonbusiness exception to the business pursuits exclusion is inapplicable since the insured's activities…were not merely incidental to nonbusiness pursuits and thus cannot be deemed to have constituted nonbusiness pursuits as to trigger the nonbusiness exception.")

Accordingly, the Court finds that the conduct also falls within the business pursuits exclusion as the statements were, at least, incidental to MacDonell's forensic consulting business. Therefore, Plaintiff is not entitled to a defense or

7

indemnification for the underlying lawsuit from either OneBeacon or RLI based upon the business pursuits exclusions and the intentional act exclusions.

## CONCLUSION

For the reasons discussed herein, this Court grants Defendants' motion for summary judgment, finding that Plaintiff is not entitled to a defense or indemnification for the Englert lawsuit through his insurance policies issued by the Defendants. Plaintiff's motion for summary judgment is denied, and the complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                         S/ MICHAEL A. TELESCA
                                       HON. MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
            November 25, 2013